(128 App. Div. 91.)

BOND REALTY CO. v. POUNDS et al. ·

(Supreme Court, Appellate Division, Second Department.   October 9, 1908.)

1. PARTNERSHIP—PROPERTY—TITLE—CONVEYANCE.
   A partnership may authorize a partner, holding the title of partnership property, to convey the same; the firm having a right to an accounting for the proceeds.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 218.]

2. LIS PENDENS—PURPOSE OF NOTICE.     .
   The purpose of a notice of pendency of an action affecting title to real property is to preserve the status of the property and of the parties.

3. PARTNERSHIP—CONVEYANCE OF FIRM PROPERTY.—CONTRACTS.
   A partner holding the legal title to firm property, may authorize her husband as her agent to contract for the sale thereof; the partner being liable to account for the proceeds under the contract.

4. LIS PENDENS—OPERATION AND EFFECT.
   A partner, holding the legal title to partnership property, contracted through an agent to convey the same to a purchaser.  Before the time fixed for the passing of the title, the copartner brought an action against the partner and her agent, claiming an interest as partner in the property.  He filed a notice of lis pendens.  Pending the action the purchaser sought specific performance of the contract, and he obtained a decree compelling the partner and copartner to perform the contract, and foreclosing the copartner's interest.  *Held*, that the rights of the copartner under his lis pendens were sufficiently protected by the judgment.

Appeal from Special Term, Kings County.

Action by the Bond Realty Company against Lewis H. Pounds and others.   From a ·judgment for plaintiff, defendant Lewis H. Pounds appeals.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Wilson W. Thompson, for appellant.

Henry H. Man, for respondent Bond Realty Co.

WOODWARD, J.   The facts in this case are stipulated.   The plaintiff is a domestic corporation, and on the 6th day of October, 1905, the defendant Virginia L. Egbert was the sole owner of record and holder of the legal title to the real estate described in the complaint. On that day the defendant George W. Egbert, acting as the attorney in fact for the defendant Virginia L. Egbert, his wife, made, executed, and delivered a written contract for the sale of the said premises to the plaintiff upon the terms and conditions set forth in such contract.   At the time of the delivery of such contract the plaintiff paid $1,500 on account of the purchase price, which was received by the defendant George W. Egbert for the use and benefit of the defendant Virginia L. Egbert.   It was agreed that title should pass on the 6th day of November, 1905.   Before the time fixed for the passing of title, and on the 28th day of October, 1905, the defendant Lewis H. Pounds commenced an action in the Supreme Court against the defendants Virginia L. Egbert and George W. Egbert, and filed a notice of the pendency of the action and a copy of the complaint in said action in the manner provided in the statute, claiming an interest in the property in

question as set forth in said complaint, which was to the effect that the plaintiff in that action had, with another, purchased certain real estate, including the premises involved in this action, and that he had entered into a joint venture or partnership with the defendant George W. Egbert for the purpose of improving and dealing in this real estate; that it had been agreed between the plaintiff and the said George W. Egbert that the title should be taken in his name, or in that of the defendant Virginia L. Egbert, pending certain arrangements between themselves, and upon the performance of the conditions the plaintiff was to have the deed to a one-half interest in the premises. This action was still pending and undetermined at the time of the trial in the case at bar, and the judgment in the latter case decrees specific performance on the part of the defendants Egbert, and forecloses the interest of the defendant Pounds, in so far as the plaintiff is concerned, upon the theory that if Pounds and Egbert were partners, under the allegations of the complaint in the action of Pounds against the Egberts, the defendant, as trustee of the partnership property, acting through one of the partners as her attorney in fact, was in a position to bind the partnership by the contract.

If there was a partnership, and Mrs. Egbert was holding the title for such partnership, as a trustee, we see no good reason why she could not authorize one member of such partnership to convey the formal title, the partnership having a right to demand an accounting for the proceeds of such contract; and the defendant Pounds, having placed it in the power of the defendant Virginia L. Egbert to deal with the property as the owner and holder of the legal title, is hardly in a position to complain, where the court has decreed that the contract thus made shall be carried out. It is undoubtedly true that the purpose of a notice of pendency of an action affecting the title to real property is to preserve the status of the property and of the parties; but in this case there is no change of relations. While it is true that there are some things in the agreed state of facts which suggest that Virginia L. Egbert was dealing with the property as principal, when all of the facts are taken into consideration, it must be apparent that she was merely dealing with the property in harmony with the partnership alleged in the complaint of Pounds, if such partnership actually existed; for it cannot be that, in the absence of any allegations of fraud, the defendant Virginia L. Egbert was making use of Mr. Pounds' partner to violate her duty as trustee of the partnership property. As the holder of the legal title, she could authorize her husband to act as her agent or attorney in fact to enter into the contract for the sale of the partnership property, and it is evident that this was the sole purpose of the transaction, Mrs. Egbert becoming liable to account for whatever came into her possession under such contract; and the decree of the court simply compels the partners to accept the contract made for them in the name of their trustees. It is true that in Mr. Pounds' complaint he alleges a "joint venture or partnership"; but the further allegations of his complaint are those which are consistent with a partnership only, and, if there was a partnership, then the decree of the court foreclosing the partners, and leaving them to their remedy against their trustee, is the proper thing to do under the

circumstances here presented. If there was no partnership, and Mr. Pounds was not entitled to any interest in the property, the legal title of which was concededly in the defendant Mrs. Egbert, then the decree is harmless as against the other defendants, and affords no ground for complaint.

We are clearly of the opinion that no rights of the appellant have been violated, that he has had all of the protection under his lis pendens that the law contemplated, and that the decree of the court at Special Term was right.

The judgment appealed from should be affirmed, with costs. All concur.